Alice Sims et al., Plaintiffs in Error, v. J. H. Arehart, Administrator of the Estate of James H. Bush, Deceased, Defendant in Error.

Opinion filed July 26, 1929.

R. S. Rowland, for plaintiffs in error.

Kasserman & Kasserman, for defendant in error.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This case comes to this court on a writ of error from the circuit court of Jasper county. It was originally heard in the county court upon objections to the administrator's report; taken to the circuit court on appeal where the judgment of the county court in overruling plaintiffs' in error objections to the administrator's report was affirmed.

James H. Bush died in Camp Merritt, New Jersey, in service as a soldier in the late war on December 10, 1918. He left no estate except United States War Risk Insurance in the amount of $10,000. His brother, Ivory Bush, who had previously died on October 10, 1918, in France, was the sole beneficiary named in his policy of insurance. The decedent, James H. Bush, left as his only heir at law his grandmother (the mother of his deceased father), Sarah Jolly, who died December 19, 1920.

Defendant in error, J. H. Arehart, was appointed administrator of the estate of James H. Bush in 1927 and in 1928 as such administrator he received from or through the United States Veterans' Bureau a remittance of $3,703.51, the proceeds of said insurance as belonging to said estate. A report was made by the administrator to the probate court in which he asked to distribute $2,800 of the fund to the heirs of James H. Bush. Plaintiffs in error, who are uncles and aunts of James H. Bush, filed objections to the report and the issue sought to be raised by the objections is as to whether the funds in the hands of the administrator should be distributed as though Sarah Jolly had not survived James H. Bush. It is not denied that she was the sole heir at law under our statutes of descent of the said James H. Bush, but the contention is made that because a part of the insurance money had been paid to the plaintiffs in error by the United States Govern-

ment prior to the payment to the administrator that they are now entitled to share in the fund, although they cannot trace their heirship to James H. Bush through the said Sarah Jolly.

The Bureau of War Risk Insurance was first established by act of Congress in September, 1914, and several acts relating to war risk insurance were passed during and after the World War. In October, 1917, Congress passed a comprehensive War Risk Insurance Act under which act the rights of the parties in this proceeding must be determined. Article 4 of the act of October 6, 1917, provides as follows: ''The insurance shall be payable only to a spouse, child, grandchild, parent, brother or sister or to any or all of them. . . . If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the state of residence of the insured be entitled to his personal property in case of intestacy. If no such person survive the insured, then there shall be paid to the estate of the insured an amount equal to the reserve value, if any of the insurance at the time of his death.''

Article 1 of said act of October 6, 1917, provides as follows: ''In Articles 2, 3 and 4 of this Act unless the context otherwise requires. . . . (4) The term 'parent' includes a father, mother, grand-mother, grandfather, step-father, step-mother, either of the person in the service or of the spouse.'' Lewis' 1928 ''Laws Relating to U. S. Veterans' Bureau and War Risk Insurance.''

Several minor changes were made by Congress in the War Risk Insurance Act subsequent to the death of the insured, but these amendments did not change

the vested rights of the original beneficiaries of the deceased, James H. Bush, in and to the insurance moneys in question.

The insured, James H. Bush, and his estate had a vested right in said insurance. His relations with the government were contractual; they were governed by the act of 1917 and his rights became vested at the time of his death in December, 1918. The beneficiary whom James H. Bush had named in his policy, being his brother Ivory Bush, died before his death. No alternative beneficiary was designated in the policy of insurance and no will was made by the deceased, James H. Bush. Under the federal law at the time of the death of the insured there was only one other person who could have been named beneficiary and that was his grandmother, Sarah Jolly. Under the War Risk Insurance Act the grandmother was the only person who could be substituted as beneficiary because she was the only one who was within the permitted class, and in addition she was the only one who would have succeeded as heir to the personal property of James H. Bush. That law substituted the grandmother as beneficiary and until her death the insurance should have been awarded to her, and at her death the unpaid portion should have been paid to the estate of James H. Bush. No awards or payments were made under the policy in question until after the death of the insured's grandmother, Sarah Jolly, when, in September, 1922, a partial distribution of the instalments of the insurance was made by the War Veterans' Bureau to the seven uncles and aunts of James H. Bush. These instalments were paid monthly and from time to time there were certain changes in the amounts of the monthly allowances. After these monthly instalments had been paid for sometime, one of the uncles and one of the aunts died and at the request of the War Veterans' Bureau an administrator was appointed for the

James H. Bush estate in May, 1927. The monthly allotments were paid the surviving uncles and aunts until the year 1928, when the War Veterans' Bureau discontinued the payments and decided to pay the entire balance of the insurance, being the sum of $3,703.51, to the administrator of the estate of James H. Bush.

Plaintiffs in error contend that they are each entitled to a one-seventh share in this fund and the administrator by his report sought to distribute the entire fund to the heirs of Sarah Jolly, deceased, on the theory that Sarah Jolly at the time of the death of James H. Bush was the sole surviving next of kin.

The said act of 1917 expressly provides that: ''The insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the state of residence of the insured be entitled to his personal property in case of intestacy.'' The insured, James H. Bush, was a resident of Illinois and under the laws of Illinois, Sarah Jolly, the grandmother of the insured, was his sole heir at law and lawfully entitled to said insurance as beneficiary. Upon the death of Sarah Jolly in December, 1920, her heirs became lawfully entitled to the proceeds of such insurance.

It is quite evident that the Veterans' Bureau in making the monthly allotments of insurance to the aunts and uncles of the deceased misconstrued the terms and provisions of the War Risk Insurance Act and that afterwards, when said mistake was discovered, the Bureau discontinued such monthly allotments to plaintiffs in error and paid the entire balance of said insurance to the administrator of the estate of James H. Bush, and it then became the duty of the administrator under the directions of the probate court to distribute such fund in accordance with the laws of descent of the State of Illinois.

Some contention is made by plaintiffs in error that they acquired some rights by reason of the fact that the administrator filed a petition in the probate court to declare heirship and that by other acts and conduct of the administrator they were misled and did not, therefore, protest to the War Veterans' Bureau because of the discontinuance of their monthly allotments of insurance.

We think there is no merit in these contentions of plaintiffs in error and we are of the opinion that the trial court did not err in overruling plaintiffs' in error objections to the administrator's report.

For the reasons aforesaid, the judgment of the circuit court of Jasper county is accordingly affirmed.

*Affirmed.*